# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

JOHN WAGUESPACK,
       Appellant,

     v.

OFFICE OF PERSONNEL
  MANAGEMENT,
       Agency.

DOCKET NUMBER
AT-0831-22-0284-I-1

DATE: April 4, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>John Waguespack</u>, McCalla, Alabama, pro se.

<u>Karla W. Yeakle</u>, Washington, D.C., for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the final decision of the Office of Personnel Management (OPM) denying the appellant's application for payment of the decedent Joan Hines' lump-sum death benefit under the Civil Service Retirement System (CSRS). For the reasons discussed below, we GRANT the appellant's petition for review,

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

VACATE the initial decision, and REMAND the case to OPM for a new final decision.

## BACKGROUND

The appellant is the son of Ms. Hines, a former Federal employee covered under the CSRS. Initial Appeal File (IAF), Tab 1 at 9, Tab 5 at 16. Ms. Hines retired effective August 1988, having designated her then-husband, Howard Hines, as her sole beneficiary. IAF, Tab 5 at 19, 21, 41. According to OPM, Ms. Hines divorced Mr. Hines in September 1995.[2] *Id.* at 5. Ms. Hines died on December 21, 2021. *Id.* at 16. Her Certificate of Death, issued by the State of Louisiana, states that at the time of her death she was widowed. *Id.*

On or about February 23, 2022, the appellant filed an application with OPM indicating that he was Ms. Hines's designated beneficiary and was seeking payment of any lump-sum death benefit. IAF, Tab 5 at 12-15. OPM denied the appellant's claim in a March 16, 2022 final decision, finding that the appellant was not entitled to a share of the lump-sum death benefit because he was not the designated beneficiary. *Id.* at 10.

The appellant filed this appeal of OPM's final decision to the Board but did not request a hearing. IAF, Tab 1 at 1. The administrative judge issued an order advising the parties that he would close the record. IAF, Tab 6. The parties did not make any additional submissions following the order. After the record closed, the administrative judge issued an initial decision. IAF, Tab 8, Initial Decision (ID) at 1. He affirmed OPM's determination that Mr. Hines was Ms. Hines's designated beneficiary and was entitled to the lump-sum death benefit. ID at 3.

---

[2] OPM has not provided any supporting documentation for this assertion, but the appellant also has alleged his mother divorced Mr. Hines in September 1995. Petition for Review File, Tab 1 at 1. Therefore, for purposes of our discussion here, we assume the parties' assertion is true.

On review, the appellant reasserts that he is the only surviving child of Ms. Hines. Petition for Review (PFR) File, Tab 1 at 1. He also argues for the first time that Mr. Hines died on July 18, 1999. *Id.* He has provided a March 2022 Judgment of Possession in which a Louisiana court judge determined the appellant was Ms. Hines's "sole and universal legatee" and was entitled to possession of her entire estate. *Id.* at 2. OPM has responded to the petition for review. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>Because the administrative judge did not advise the appellant regarding his burden, we consider his new argument and evidence.</u>

The Board requires an administrative judge to explain the burdens and methods of proof for any claim as to which the appellant has some or all of the burden of proof in an appeal. MSPB Judges' Handbook, Ch. 9, § 7. He must fulfill this requirement even if an appellant could have inferred such knowledge from other sources. *Harless v. Office of Personnel Management*, 71 M.S.P.R. 110, 113 (1996). This obligation is particularly significant when, as here, an appellant is pro se. *Id.*; IAF, Tab 1 at 6. Below, the administrative judge advised the appellant only that he bore the burden of proving by preponderant evidence that he was entitled to the retirement benefit he was seeking. IAF, Tab 7 at 1-2 (citing *Cheeseman v. Office of Personnel Management*, 791 F.2d 138, 140-41 (Fed. Cir. 1986)). However, the administrative judge provided no additional information to the appellant as to how to prove his claim until issuing the initial decision. IAF, Tabs 2, 6-7; ID at 2-3.

Further, it appears likely this error prejudiced the appellant in the adjudication of this matter. Under 5 U.S.C. § 8342(c),[3] a CSRS lump-sum death

---

[3] In his initial decision, the administrative judge cited to 5 U.S.C. § 8424(d), which is the lump-sum death benefit provision under the Federal Employees' Retirement System (FERS). ID at 2-3. We find that this citation error did not affect the outcome of the appeal, and is thus harmless, because the order of precedence under CSRS and FERS is the same. *See Panter v. Department of the Air Force*, 22 M.S.P.R. 281, 282 (1984) (stating that an adjudicatory error that is not prejudicial to a party's substantive rights

benefit is to be paid, as relevant here, to the individual or individuals surviving the employee and alive at the date title to the payment arises in the following order: (1) to the designated beneficiary in a signed and witnessed writing received by OPM before the employee's death; (2) to the widow or widower of the employee; and (3) if none of the above, to the child or children of the employee and descendants of deceased children by representation.

The appellant asserts for the first time on review that Mr. Hines predeceased Ms. Hines. PFR File, Tab 1 at 1. He provides the Louisiana court judgment that he is the "sole and universal legatee" of Ms. Hines. *Id.* at 2-3. The appellant was not apprised in OPM's final decision, its response to the appeal, or the administrative judge's orders of the potential significance of the death of Mr. Hines, whom Ms. Hines designated as her beneficiary in 1975. IAF, Tab 5 at 4-11, 19, Tabs 6-7. It appears likely that he submitted this evidence, and argued Mr. Hines had died, in response to the initial decision. Specifically, the administrative judge advised the appellant for the first time in the initial decision of the order of precedence, and also that lump-sum benefits are made to individuals who survive the annuitant and are alive when title to the payment arises. ID at 2-3. Therefore, in the interest of justice, and so that the appellant is not fighting a fog of generality, we address the appellant's new argument here. *See Harless*, 71 M.S.P.R. at 113 (remanding an appeal to the regional office because the administrative judge did not issue a written order explaining to the appellant that he should submit additional evidence to support his claim of financial hardship in connection with a repayment schedule).

<u>We remand the matter to OPM for further explanation of its determination and consideration of the appellant's new evidence.</u>

The appellant's new evidence that he is Ms. Hines's "legatee" may support his claim that Mr. Hines was not alive at Ms. Hines's death. Mr. and Ms. Hines resided together, and Ms. Hines resided at the time of her death and died, in

---

provides no basis for reversal of an initial decision).

Louisiana. IAF, Tab 5 at 16, 19. The Board has applied substantive state law to determine the proper recipient of a lump-sum benefit when necessary to identify a member of the statutory class in the order of precedence. *Wengel v. Office of Personnel Management*, 100 M.S.P.R. 11, ¶ 8 (2005); *see Alvarez v. Office of Personnel Management*, 64 M.S.P.R. 534, 536-38 (1994) (applying the law of the Philippines to presume that a decedent's widow had passed away, thus entitling the appellant to a lump-sum death benefit). Louisiana law defines a legatee as someone who is a successor as the result of a valid will. La. Civ. Code Ann. arts. 874, 876. The determination that the appellant is the sole successor named in Ms. Hines's will does not prove it is more likely than not that Mr. Hines predeceased Ms. Hines. Ms. Hines may not have named Mr. Hines in her will for a number of reasons, including that they were divorced 26 years before her death.[4]

Further, we observe that OPM has not stated whether Ms. Hines cancelled her designation of Mr. Hines as her beneficiary in a signed and witnessed writing received by OPM before her death. IAF, Tab 5 at 19; *see* 5 U.S.C. § 8342(c). No designation, change, or cancellation of a beneficiary in a will, divorce decree, or other document has any force or effect if it is not so executed and filed. 5 C.F.R. § 831.2005(b); *see Mackey v. Office of Personnel Management*, 54 M.S.P.R. 158, 162 (1992) (finding no evidence that a decedent filed with OPM a copy of his divorce decree, which allegedly cancelled his designation of beneficiary, and thus the requirements of 5 U.S.C. § 8342(c) were not satisfied). Because OPM is most likely to have evidence relating to any change in beneficiary, it should clearly

---

[4] An obituary available online for Ms. Hines indicates that Ms. Hines was survived by the appellant and seven grandchildren, as well as that Mr. Hines predeceased Ms. Hines. Obituary for Joan Mary Schulz, Times-Picayune (Dec. 27-28, 2021), https://obits.nola.com/us/obituaries/nola/name/joan-schulz-obituary?id=32005395 (last visited Apr. 3, 2024). We do not express an opinion here as to what weight to give this obituary or its impact on the appellant's benefit claim. *See* 5 U.S.C. § 8342(c) (providing that not only children, but also "descendants of deceased children by representation" are third in the order of precedence for a lump-sum death benefit); 5 C.F.R. § 1201.64 (providing that the Board may take official notice of matters of common knowledge);

resolve this question in a new reconsideration decision so that the Board can make findings on a complete record.

In a case similar to the instant appeal, the Board held that when OPM issued a final decision denying an application for lump-sum death benefits without resolving the dispositive issue of the validity of a designation of beneficiary, the appropriate disposition was to remand the case to OPM for reconsideration of the matter. *Stubblefield v. Office of Personnel Management*, 60 M.S.P.R. 455, 457, 460 (1994). Based on the record before us, we find that OPM must address whether the appellant is eligible to receive all or a portion of the lump-sum benefit due to the alleged 1999 death of Mr. Hines and whether Ms. Hines made a valid change in her beneficiary designation. Because OPM did not address these dispositive issues in its final decision, we remand to OPM for a new final decision.[5] IAF, Tab 5 at 10-11; *see Stubblefield*, 60 M.S.P.R. at 460.

## ORDER

For the reasons discussed above, we remand this case to OPM for further adjudication in accordance with this Remand Order.

OPM shall issue a new reconsideration decision addressing the appellant's new evidence and any evidence relating to any change in the decedent's beneficiary. OPM shall issue the new reconsideration decision within 60 days of the date of this Order and advise the appellant of his right to file an appeal with the Board if he disagrees with that new decision.

We further ORDER OPM to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. We ORDER the appellant to provide all necessary

---

[5] In light of our decision to remand this matter to OPM, we need not address the appellant's argument that he was not contacted by the administrative judge for the close of record conference. PFR File, Tab 1 at 1; *see Karapinka v. Department of Energy*, 6 M.S.P.R. 124, 127 (1981) (finding that an administrative judge's procedural error is of no legal consequence unless it is shown to have adversely affected a party's substantive rights).

information OPM requests to help it carry out the Board's Order. The appellant, if not notified, should ask OPM about its progress. *See* 5 C.F.R. § 1201.181(b).

No later than 30 days after OPM tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that OPM did not fully carry out the Board's Order. The petition should contain specific reasons why the appellant believes that OPM has not fully carried out the Board's Order, and should include the dates and results of any communications with OPM. 5 C.F.R. § 1201.182(a).

FOR THE BOARD:

*Gina K. Grippando*

_____
Gina K. Grippando
Clerk of the Board

Washington, D.C.